**Petition for Writ of Mandamus Denied and Opinion filed June 30, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00493-CV

---

## IN RE ANDREW SUMAN, CHAD MUIR, 2421 PARTNERS, LLC, CDM PARTNERS, LP, DAS PARTNERS, LP AND ROHE & WRIGHT CONSTRUCTION, LLC, Relators

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
215th District Court
Harris County, Texas
Trial Court Cause No. 2016-12144**

## MEMORANDUM OPINION

On June 21, 2016, relators Andrew Suman, Chad Muir, 2421 Partners, LLC, CDM Partners, LP, DAS Partners, LP and Rohe & Wright Construction, LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221

(West 2004); *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Elaine H. Palmer, presiding judge of the 215th District Court of Harris County, to (1) vacate her June 16, 2016 Order denying Defendants' Motion to Expunge the Lis Pendens, and (2) grant all relief requested in the Motion.

As the parties seeking relief, relators have the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Rule of Appellate Procedure 52.7(a) requires that "[r]elator file with the petition: (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See* Tex. R. App. P. 52.7.

Additionally, Rule of Appellate Procedure 33.1 provides, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that **stated the grounds for the ruling** that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a) (emphasis added). The requirements of Rule 33.1 apply to mandamus proceedings. *In re Polymerica, LLC*, 271 S.W.3d 442, 448 (Tex. App.—El Paso 2008, orig. proceeding); *In re East Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936 (Tex. App.—Tyler 2005, orig.

2

proceeding). In the mandamus context, it would be difficult to conclude that a trial court could abuse its discretion in making a ruling for a reason that was never presented to the court. *Id.* Thus, relators should provide a mandamus record that shows the grounds and reasons on which they sought relief from the trial court.

Relators have not provided this court with a record that shows that they are entitled to the mandamus relief for at least two reasons.

First, relators have not provided the Motion to Expunge the Lis Pendens and the Plaintiff's Response. Without these pleadings, our court cannot determine whether relators complied Rule 33.1's requirement that the grounds and reasons they argue in their petition for writ of mandamus were presented to the trial court.

Also, without the motion, response, and exhibits thereto, our court cannot determine the evidence that the trial court considered, which may be necessary to our determination of whether the trial court abused its discretion. Further, relators have not provided a reporter's record of the hearing or stated that that no testimony was adduced in connection with the matter complained, as required by Rule 52.7(a).

Accordingly, we deny relators' petition for writ of mandamus.

Relators also filed a motion asking our court to expedite its consideration of their petition. We deny such motion because it is now moot.

PER CURIAM

Panel consists of Justices Christopher, McCally, and Brown.

3